**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Laderick Devon PITTMAN,**
**Defendant–Appellant.**

No. 12–6091.

United States Court of Appeals, Fourth Circuit.

Submitted: March 15, 2012.

Decided: March 20, 2012.

Laderick Devon Pittman, Appellant Pro Se. Barbara Dickerson Kocher, Assistant United States Attorney, Joshua Bryan Royster, Office of The United States Attorney, Raleigh, North Carolina, for Appellee.

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Laderick Devon Pittman seeks to appeal the district court's order denying his motion under Fed.R.Civ.P. 60(b).* The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). When

* Because the Rule 60(b) motion directly attacked Pittman's sentence, it was, in essence, an unauthorized and successive 28 U.S.C.A. § 2255 (West Supp.2011) motion over which the district court lacked jurisdiction. *United States v. Winestock,* 340 F.3d 200, 206 (4th Cir.2003).

the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85, 120 S.Ct. 1595.

We have independently reviewed the record and conclude that Pittman has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Pittman's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *Winestock*, 340 F.3d at 208. In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h). Pittman's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*